**UNITED STATES of America, Plaintiff,**

v.

**ARMORY HOTEL
ASSOCIATES, Defendant.**

Civ. No. 88–0217–P.

United States District Court,
D. Maine.

Nov. 17, 1988.

David R. Collins, Asst. U.S. Atty., Portland, Me., for plaintiff.

Gary D. Vogel, Richardson & Troubh, Portland, Me., for defendant.

MEMORANDUM OF DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

GENE CARTER, District Judge.

This is an action brought to reduce to judgment civil money penalties allegedly owed to Defendant for violations of the Immigration Reform and Control Act, 8 U.S.C. § 1324a. Defendant has moved to dismiss the action on the grounds that the underlying enforcement action by the United States Immigration and Naturalization Service (INS) was made at a time when Defendant was a debtor in bankruptcy and was, therefore, barred by the automatic stay set forth in 11 U.S.C. § 362(a). Plaintiff argues that the INS action falls within one of the exceptions to the stay found in section 362(b), and has moved for summary judgment on its claim.

Section 1324a of the Immigration Reform and Control Act makes it illegal to hire unauthorized aliens and establishes a document checking procedure to verify that an individual hired is not an unauthorized alien. Failure to comply with this "employment verification system" is also illegal. Section 1324a(e)(5) provides for civil money penalties to be determined and imposed for paperwork violations.

On February 22, 1988, INS issued a Notice of Intent to Fine for numerous alleged violations of the paperwork requirements set forth in 8 U.S.C. § 1324a(b). On April 1, 1988, the INS issued a Final Order reciting that because the INS had not received a timely notice for a hearing before an administrative law judge, Defendant was ordered to pay the fine assessed in the Notice of Intent to Fine for the alleged violations.

In September 1987, an involuntary chapter 11 bankruptcy petition was filed with Plaintiff as the debtor. Section 362 of title 11, United States Code provides that the filing of such a petition stays the commencement or continuation of administrative actions or proceedings against the debtor, with certain enumerated exceptions. Subsection (b)(4) of section 362 specifically excepts from the stay "the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power."

Section 1324a of the Immigration Reform and Control Act is plainly a statute regulat-

ing employment of aliens in part through employer recordkeeping requirements. The Notice of Intent to Fine and Final Order of the INS in this case are equally plainly proceedings by a governmental unit to enforce its regulatory power, within the meaning of section 362(b)(4).

Defendant appears to argue that the action by the INS is one to protect its pecuniary interest. Relying on the legislative history of subsection 362(b)(4), the Court of Appeals for the First Circuit has stated that the police power exception excludes from its coverage legitimate police or regulatory actions brought for pecuniary purposes. *In re Corporacion de Servicios Medicos Hospitalarios*, 805 F.2d 440, 445 n. 4 (1st Cir.1986). The legislative history makes clear, however, that "where a government unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such law, the action or proceeding is not stayed under the automatic stay." *Id.* (citing 1978 U.S.Code Cong. & Ad.News 5787, at 6299). Moreover, there appears to be no pecuniary interest of the INS served by the penalty provisions. The immigration laws in question here do not have as their object the control of property or a *res* before the bankruptcy court, *see Missouri v. U.S. Bankruptcy Court*, 647 F.2d 768, 776 (8th Cir.1981), and they do not serve as a means of debt collection. *In re Hoffman*, 53 B.R. 874 (Bankr.D.R.I.1985).

There is no substance to Defendant's assertion that the INS is performing only a technical regulatory function by imposing fines for violation of the law. The recordkeeping requirements are a major component of the new immigration law. The imposition of civil penalties is designed to ensure the effectiveness of new measures designed to curb what Congress viewed as a growing immigration problem. INS's attempt to fix damages for violations of the law therefore falls within the exception to the automatic stay set forth in subsection 362(b)(4).

Defendant cites *Brock v. Morysville Body Works, Inc.*, 829 F.2d 383 (3d Cir. 1987), for the proposition that the exception does not apply to enforcement of money penalties for OSHA violations. That case is significantly different from this action. There the Secretary of Labor cited defendant for violations, assessed a penalty, issued a final order, *and* sought enforcement of its final order in the court of appeals while the bankruptcy petition was pending. Enforcement of a money judgment is not permitted as an exception to the stay. 11 U.S.C. § 362(b)(5). The action by the government in this case to enforce the INS Final Order was commenced on July 15, 1988, almost two months after the entire bankruptcy case was dismissed on May 24, 1988. The stay could not have applied to this enforcement proceeding.

The *Morysville* court distinguished between enforcement of a money judgment in the courts and the fixing of the amount of damages and issuance of a final administrative order. *Id.* at 389; *see also Penn Terra Ltd. v. Department of Environmental Resources*, 733 F.2d 267 (3d Cir.1984) ("As the legislative history explicitly notes, the mere *entry* of a money judgment by a governmental unit is not affected by the automatic stay, provided of course that such proceedings are related to that government's police or regulatory powers."). Since the only actions taken by the INS during the pendency of the bankruptcy petition are excepted under subsection 362(b)(4) from application of the automatic stay, Defendant's motion to dismiss must be denied.

Plaintiff has moved for summary judgment on its enforcement action, but has failed to comply with the requirements of Local Rule 19(b).

Accordingly, it is hereby ORDERED that Defendant's motion to dismiss be, and it is hereby, DENIED. It is FURTHER ORDERED that Plaintiff's motion for summary judgment be, and it is hereby, DENIED.