In re FAMILY VENDING, INC., Debtor.

STATE OF GEORGIA, ex rel. ADMINISTRATOR OF the FAIR BUSINESS PRACTICES ACT, Movant,

v.

FAMILY VENDING, INC., Respondent.

Bankruptcy No. 93–72156.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Jan. 14, 1994.

**908**

Jeffrey M. Fishman, Norcross, GA, Paul S. Suda, Atlanta, GA, for debtor.

O. Byron Meredith, III, Sp. Asst. Atty. Gen., Atlanta, GA, for State of Georgia.

### ORDER

MARGARET H. MURPHY, Bankruptcy Judge.

This case is before the court on Movant's motion for clarification or in the alternative for relief from the automatic stay; on Debtor's motion for contempt; and on Debtor's request for oral argument. By order entered October 25, 1993, the parties were directed to brief the issues. Briefs have been filed by both parties. Debtor filed a pleading requesting oral argument "[d]ue to the severe consequences Debtor will be forced to endure if the automatic stay provisions of 11 U.S.C. § 362 are trifled with."

First, the pleadings filed by Debtor and by the State of Georgia show that no dispute of fact exists. Additionally, the legal issues presented are not complex. Therefore, pursuant to 11 U.S.C. § 102, no hearing or oral argument is necessary.

This case commenced August 27, 1993, as a no-asset Chapter 7 case. At that time, pending in DeKalb Superior Court was a complaint (the "Complaint") filed against Debtor and its principals by the State of Georgia for violations of the Fair Business Practices Act of 1975 [1] and the Sale of Business Opportuni-

ties Act.[2] The Complaint alleges that Movant has received in excess of 22 complaints from consumers from several states concerning Debtor's business practices.

Debtor was in the business of selling vending machines. The Complaint alleges that Debtor's business falls within the definition in the Georgia Code of selling business opportunities and that Debtor failed to comply with the provisions of the Georgia Code concerning business opportunities; specifically, Debtor failed to file certain documents with the State, even after being directed to do so; Debtor failed to provide customers with the required disclosure statement; Debtor failed to establish and maintain funds in an escrow account as required by the Georgia Code; Debtor failed to return the purchase price to purchasers who sent the required notice; and Debtor used a sales contract which failed to comply with the Georgia Code as to content and disclosures. The complaint also alleged Debtor violated the Fair Business Practices Act by engaging in unfair and deceptive acts and practices.

The prayer for relief seeks an injunction against Debtor and its principals restraining them from any further violations of the Fair Business Practices Act and the Sale of Business Opportunities Act; the imposition of civil penalties of $5,000 for each violation of the Fair Business Practices Act; and an order requiring payment of restitution to all consumers injured as a result of Debtor's unlawful conduct.

Although Debtor answered the Complaint, Debtor failed to respond to Movant's discovery requests. Movant filed a motion to compel discovery August 4, 1993, and shortly thereafter, on August 27, 1993, Debtor filed its bankruptcy petition. Hearing on the motion to compel had been scheduled for October 11, 1993. At that hearing, Debtor asserted the automatic stay prevented continuation of the state court proceeding. The state court requested briefs on the issue of jurisdiction and the applicability of the automatic stay. Apparently, the state court has not yet ruled on the issue.

---

1. O.C.G.A. § 10–1–390, et seq.

2. O.C.G.A. § 10–1–410, et seq.

The day after the hearing in state court on the motion to compel, Movant filed its motion for clarification or in the alternative for relief from the automatic stay. Movant asserts that the state court proceeding falls within the § 362(b)(4) exception to the automatic stay. Subsection 362(b)(4) provides that the filing of a bankruptcy petition does not operate to stay "the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power[.]" Alternatively, if this court determines § 362(b)(4) is inapplicable, Movant seeks relief from the automatic stay.[3] Debtor's motion for contempt alleges Movant's prosecution of the motion to compel violated the automatic stay.

In the instant case, Movant is, without question, a governmental unit. The gravamen of Movant's Complaint is an action to stop consumer fraud. Movant seeks an injunction, imposition of a fine, and payment of restitution, all of which appear to be aimed at enforcing Movant's regulatory power. Movant's complaint does not seek recompense for any pecuniary damage it suffered at the hands of Debtor. Nor does Movant seek to enforce third parties' contracts with Debtor. A proceeding which seeks restitution is not deprived of the applicability of exceptions to the automatic stay merely because restitution bears a direct relationship to actual pecuniary losses. *See, In re Whitaker,* 16 B.R. 917 (M.D.Tenn.1982); *In re Farrell,* 43 B.R. 115 (M.D.Tenn.1984). The Complaint shows that Movant's purpose in filing the state court proceeding was to enforce governmental regulatory powers, not to collect a debt. Therefore, § 362(b)(4) is applicable to except Movant's lawsuit from the operation of the automatic stay. As Movant's conduct did not violate the automatic stay, Debtor's contempt motion must be denied.[4]

Even if the automatic stay were applicable to Movant's lawsuit, however, Movant would be entitled to relief from the automatic stay. Debtor's case is a no-asset case. Therefore, Debtor could not be prejudiced by allowing the proceeding to go forward. As Debtor's case is a Chapter 7 case, the proceeding would not affect Debtor's ability to reorganize. Accordingly, it is hereby

ORDERED that Debtor's request for oral argument is DENIED. It is further

ORDERED that the state court proceeding filed by Movant is within the § 362(b)(4) exception to the automatic stay. Alternatively, Movant's motion for relief from stay is GRANTED. It is further

ORDERED that Debtor's motion for contempt is DENIED.

IT IS SO ORDERED.

---

3. As the automatic stay provisions of 11 U.S.C. § 362(a) do not apply to Debtor's principals, Movant has not sought, and is not required to seek, relief as to Debtor's principals.

4. Movant's attorney apparently concluded that the state court proceeding was within the § 362(b)(4) exception to the automatic stay.

Fortunately for Movant, that assessment was correct. The applicability of the § 362(b) exceptions, however, is often murky, as evidenced by this dispute in the instant case. Usually, the prudent course of conduct will be to seek a determination by the bankruptcy court of the applicability of the exception.