Gene MARITAN, Appellant,

v.

Kenneth V. TODD, Appellee.

No. 96–CV–750–E.

United States District Court,
N.D. Oklahoma.

Dec. 30, 1996.

James W. Tilly, Craig A. Fitzgerald, Tilly & Ward, Tulsa, OK, for appellant.

Kenneth V. Todd, Tulsa, OK, pro se.

### ORDER

JOYNER, United States Magistrate Judge.

This action is an appeal from an Order entered by Bankruptcy Judge Stephen Covey imposing sanctions against Kenneth V. Todd. Mr. Todd is an attorney who represented Phillip Gale Hill and Kimberly Gail Hill in various Chapter 13 bankruptcy proceedings before Judge Covey. Judge Covey sanctioned Mr. Todd for violating Fed. R.Bankr.P. 9011. Rule 9011 is the bankruptcy counterpart to Fed.R.Civ.P. 11. Gene Maritan was one of Mr. and Mrs. Hill's creditors who fought the confirmation of the Hill's Chapter 13 bankruptcy plan. As a sanction for violating Rule 9011, Judge Covey ordered Mr. Todd to pay Mr. Maritan $2,000.00. [March 27, 1996 Order, Appendix to Appellant's Brief in Chief, p. 292]. Mr. Maritan has filed this appeal, arguing that Judge Covey should have imposed a sanction of more than $2,000.00.

The style of this appeal presently shows Mr. and Mrs. Hill as the Appellees. In pleadings before this Court, however, Mr. Todd has admitted that he is the real party in interest. The Court agrees. The sanction order being appealed in this case has nothing to do with Mr. or Mrs. Hill. Judge Covey's Order directs Mr. Todd and not his clients to pay money as a sanction for violating Rule 9011. Therefore, the Court has substituted Kenneth V. Todd for Phillip Gale Hill and Kimberly Gail Hill as the Appellee in this action. See Fed.R.Civ.P. 17(a) and 21.

The record in this bankruptcy appeal was received by this Court on August 15, 1996. Appellant's brief in chief was filed August 30, 1996. Pursuant to the Court's local rules and a letter mailed by the Court Clerk to the parties on August 20, 1996, Appellee's response brief was due on or about September 15, 1996. Appellee's brief was not filed in September. The Court twice contacted Appellee by telephone regarding the filing of his response brief. During each conversation, Appellee assured the Court that some type of response would be filed within a week. No response was ever filed.

Having received no response from Appellee, the Court issued a show cause Order on December 11, 1996. The Court directed Appellee to show cause why this appeal should not be decided on the merits with no briefing or argument allowed by Appellee. In response to the Court's show cause Order, Appellee filed a notice of bankruptcy. Appellee notified the Court that he had filed his own Chapter 13 bankruptcy on October 30, 1996. Appellee's Chapter 13 case was dismissed by the bankruptcy court due to Appellee's failure to perform certain duties required of a debtor in bankruptcy. See N.D.Bankr. LR 1017. Appellee filed another Chapter 13 bankruptcy on December 2, 1996. This second Chapter 13 bankruptcy is presently pending in the bankruptcy court.

### I. IS THIS APPEAL STAYED BY 11 U.S.C. § 362(a)'s AUTOMATIC STAY?

Appellee argues that due to his pending Chapter 13 bankruptcy, this appeal is stayed by § 362(a)'s automatic stay.[1] Under the automatic stay provision, a bankruptcy petition stays the "continuation ... of a judicial ... action or proceeding against the debtor that was ... commenced before the com-

---

1. Appellee cites no authority for his position other than 11 U.S.C. § 362.

mencement of the [bankruptcy] case...." 11 U.S.C. § 362(a)(1). The sanction proceedings against Appellee were commenced before Appellee's current Chapter 13 bankruptcy was filed. This appeal is a continuation of those sanction proceedings. Thus, § 362(a)'s automatic stay will stay this appeal, unless there is an exception to the stay in 11 U.S.C. § 362(b).

Appellant argues that there is an exception to § 362(a)'s automatic stay. Appellant points to § 362(b)(4), which provides that the filing of a bankruptcy petition does not operate as a stay of the "continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power." 11 U.S.C. § 362(b)(4). Appellant cites two cases, which have held that Rule 11 sanctions are not covered by § 362(a)'s automatic stay because Rule 11 sanctions have a regulatory component in addition to a compensatory component. *See Alpern v. Lieb*, 11 F.3d 689 (7th Cir.1993); and *O'Brien v. Fischel*, 74 B.R. 546, 548–50 (D.Haw.1987). The Court has reviewed these cases and it finds them persuasive. The Court will, therefore, adopt their holdings and rationales as its own in this case.

In *Alpern*, the plaintiff filed a lawsuit in a federal district court. The lawsuit was dismissed as frivolous. The defendant filed a motion in the district court for sanctions under Fed.R.Civ.P. 11. The motion was granted and as a sanction, the Court ordered the plaintiff to pay $3,350 of the defendant's attorney fees. The plaintiff appealed both the dismissal of his lawsuit and the imposition of sanctions. While the appeals were pending, the plaintiff filed a Chapter 7 bankruptcy. The plaintiff then asked the appellate court to stay the appeals, pursuant to 11 U.S.C. § 362(a). *Alpern*, 11 F.3d at 689.

The first issue which concerned the appellate court in *Alpern* was the fact that the appeals the plaintiff was seeking to stay had been brought by the plaintiff. The appellate court began by holding that the plaintiff's appeal from the dismissal of his case as frivolous was not stayed by § 362(a) because the appeal was "filed by rather than against the [plaintiff/]debtor." *Alpern*, 11 F.3d at 690. The same could be said about the plain-

tiff's appeal from the sanction order. That is, the appeal from the sanction order was "filed by rather than against the [plaintiff/]debtor." For various reasons, however, the appellate court treated the plaintiff's appeal from the district court's sanction order as if it were a suit against and not by the plaintiff/debtor. *Id.* There is no reason to discuss the appellate court's reasons for doing so because this bankruptcy appeal was clearly not brought by Appellee. Rather, this appeal was brought against Appellee by Appellant. Thus, the issue which concerned the appellate court in *Alpern* is not present in this case.

The appellate court in *Alpern* went on to hold that the imposition of Rule 11 sanctions is exempted from § 362(a)'s automatic stay by § 362(b)(4), which exempts actions brought pursuant to governmental police or regulatory powers. *Alpern*, 11 F.3d at 690. The Court's rationale for this holding is summarized in the following excerpt:

> Rule 11 is not a simple fee-shifting provision, designed to reduce the net cost of litigation to the prevailing party. Compare 42 U.S.C. § 1988. It directs the imposition of sanctions for unprofessional conduct in litigation, and while the form of sanction is often and was here an order to pay attorney's fees to the opponent in the litigation, it is still a sanction, just as an order of restitution in a criminal case is a sanction even when it directs that payment be made to a private person rather than to the government. The Rule 11 sanction is meted out by a governmental unit, the court, though typically sought by a private individual or organization—a nongovernmental litigant, the opponent of the litigant to be sanctioned. There is no anomaly, given the long history of private enforcement of penal and regulatory law. The private enforcer, sometimes called a 'private attorney general,' can be viewed as an agent of the 'governmental unit,' the federal judiciary, that promulgated Rule 11 in order to punish unprofessional behavior. The fact that the sanction is entirely pecuniary does not take it out of section 362(b)(4). *In re Commonwealth Cos.*, 913 F.2d 518, 522–23 (8th Cir.1990).

A litigant should not be allowed to delay the imposition of sanctions indefinitely by the expedient of declaring bankruptcy. Allowing him to do so would not only increase the number of bankruptcy filings but also create incentives for unprofessional conduct in litigation by firms or individuals teetering on the edge of the bankruptcy abyss.

*Alpern*, 11 F.3d at 690.

The Tenth Circuit has dealt with § 362(b)(4)'s "governmental unit police or regulatory power" exception in a different context.[2] In *Eddleman*, the Tenth Circuit held that the Department of Labor ("DOL") could continue with its efforts to liquidate claims for back wages owed by a bankruptcy debtor to its employees. The Court found that the DOL's claims fell within the § 362(b)(4) exception to § 362(a)'s automatic stay. While discussing § 362(b)(4), the Court recognized that two tests have developed for determining when a governmental unit's actions fit within the § 362(b)(4) exception—the "pecuniary purpose" test and the "public policy" test.

> Under the "pecuniary purpose" test,
>
> the court asks whether the government's proceeding relates primarily to the protection of the government's pecuniary interest in the debtor's property and not to matters of public policy. If it is evident that a governmental action is primarily for the purpose of protecting a pecuniary interest, then the action should not be excepted from the stay.

*Eddleman*, 923 F.2d at 790 (internal citations omitted). On the other hand, the "public policy" test

> distinguishes between government proceedings aimed at effectuating public policy and those aimed at adjudicating private rights. Under this second test, actions taken for the purpose of advancing private rights are not excepted from the stay.

*Id.* (internal citations omitted). The Tenth Circuit indicated that it felt bound to apply the "pecuniary purpose" test, but not the "public policy" test. Nevertheless, the Tenth

Circuit applied both tests to the facts presented in *Eddleman* and found that both of the tests were satisfied. The Court in *Alpern* did not discuss either of these tests. The Court in *O'Brien* does, however, discuss the "pecuniary interest" test and it concludes that in the Rule 11 context, the pecuniary purpose test is satisfied and § 362(a)'s automatic stay does not apply.

In *O'Brien*, the plaintiff filed a complaint in a federal district court, which was later found to violate Fed.R.Civ.P. 11. The Court held a hearing in May 1987 and found that the complaint was not well grounded in fact or law. The plaintiff was not present at this hearing. As a sanction the district court ordered the plaintiff to pay all of the defendant's reasonable expenses. *O'Brien*, 74 B.R. at 548. After the district court entered its sanction order, the plaintiff filed a brief informing the district court that in February 1987 (i.e., four months before the Rule 11 hearing) he had filed a Chapter 13 bankruptcy. The plaintiff argued that any attempt by the Court to impose Rule 11 sanctions was stayed by § 362(a)'s automatic stay. The district court disagreed, finding that the "governmental unit police or regulatory power" exception in § 362(b)(4) applied to the imposition of Rule 11 sanctions. *Id.* at 549–50.

The court in *O'Brien* had the following to say when discussing the "pecuniary interest" test:

> The financial bite of sanctions under Rule 11 springs from the authority given the court by the language of the Rule to shift fees and costs. Pecuniary interests are affected by the imposition of Rule 11 sanctions, although they are the pecuniary interests of the parties to the litigation, rather than that of any governmental unit. The interest of the governmental unit, here the Federal judiciary branch, is to keep the stream of federal litigation free from unnecessary and abusive legal obstructions.

*O'Brien*, 74 B.R. at 549.

▇▇▇▇ The purpose of Rule 11 is to deter frivolous litigation, the maintenance of base-

**2.** See *Eddleman v. United States Department of Labor*, 923 F.2d 782 (10th Cir.1991), *overruled on grounds unrelated to this case by Temex Energy, Inc. v. Underwood, Wilson, Berry, Stein & Johnson*, 968 F.2d 1003 (10th Cir.1992) (dealing with finality of bankruptcy orders).

less defenses, and the harassment of one's opponent. William W. Schwarzer, *Sanctions Under the New Federal Rule 11—A Closer Look,* 104 F.R.D. 181, 182 (1985).

> Given these underlying concerns, this court believes imposition of sanctions under Rule 11 is a direct application of the [bankruptcy] court's regulatory powers, which serve to protect the general public from needless, harassing, and abusive litigation. We therefore find that under the 'pecuniary purpose' test, proceedings to impose sanctions on authority of Rule 11 are not automatically stayed by the filing of a petition in Bankruptcy.

*O'Brien,* 74 B.R. at 550. The Court agrees with the *O'Brien* court's rationale and holding.

Like the Tenth Circuit, this Court does not feel compelled to apply the "public policy" test. Nevertheless, the Court finds that the "public policy" test would be satisfied in this case. That is, the Court finds that the imposition of Rule 11 sanctions is aimed at effectuating public policy, not at adjudicating private rights. In *Eddleman,* the DOL was attempting to liquidate back-pay claims for specific ex-employees of a bankruptcy debtor. Despite this fact, the Tenth Circuit held that the DOL was not asserting private rights. The Court concluded that the DOL's claims for back-pay was simply one of the many methods the DOL had to enforce the nation's minimum wage policies. *Eddleman,* 923 F.2d at 791. The same is true in this case. The imposition of Rule 11 sanctions by a court is not an attempt to settle private rights. Rather, the imposition of Rule 11 sanctions is aimed at effectuating the federal judiciary's policy of purging needless, harassing, and abusive litigation from the federal court system.

■ Appellee does not make this argument, but it could be argued that when a governmental unit's actions interfere with the bankruptcy court's control over a debtor's assets, the exception in § 362(b)(4) does not apply. The Tenth Circuit has already addressed this argument and rejected it on the ground that no such limitation appears in the language of § 362(b)(4). *See Eddleman,* 923 F.2d at 790. Thus, a governmental unit

may exercise its police and/or regulatory powers despite the fact that doing so might interfere with the bankruptcy court's control over a debtor's assets.

■ Although the Court has determined that this appeal may proceed despite § 362(a)'s automatic stay, the Court wishes to make it clear that it has rendered no opinion regarding the "enforceability" of any money judgment against Appellee. With one exception, section 362(b)(5) allows governmental units to "enforce" its judgments, despite § 362(a)'s automatic stay. The one exception is money judgments. Section § 362(b)(5) prohibits a governmental unit from enforcing its money judgments against a debtor, once that debtor files a bankruptcy petition. In other words, enforcement of a money judgment by a governmental unit is subject to § 362(a)'s automatic stay.

## II. *APPELLEE'S RESPONSE BRIEF*

Appellee has demonstrated that he has no serious interest in responding to the merits of this appeal. Appellee refused to file any response, despite two phone calls from the Court. Appellee responded with his stay argument only after the Court issued a show cause order. Appellee filed a Schedule "F" in his pending Chapter 13 bankruptcy. On page 9 of that Schedule, Appellee lists the sanctions at issue in this case as a contingent claim. While describing this claim, Appellee has the following to say

> Debtor did not respond to brief in chief, primarily because debtor did not have time to worry about what he believed to be a meritless appeal. Debtor has many clients with far more serious financial consequences at stake....
>
> [If Appellant's counsel] had not filed an appeal and brief weighing 10 pounds or more I would have paid them their $2,000, somehow. But not now, they can take their $2,000 over 5 years like everyone else.

Schedule F—Creditors Holding Unsecured Nonpriority Claims, p. 9, attached as Exhibit "A" to Appellant's Response to Appellee's Response to the Court's Order to Show Cause.

Given Appellee's attitude regarding this appeal, the Court is not inclined to grant Appellee a significant amount of time in which to file a response to Appellant's brief in chief. Appellee shall file his response brief within seven days from the date this order is filed. No extensions will be granted. If Appellee fails to file a timely response brief, the appeal will be decided on the merits with no briefing or argument from Appellee. Appellant shall have 11 days from service of Appellee's response brief to file a reply brief.

### CONCLUSION

This appeal is not stayed by 11 U.S.C. § 362(a)'s automatic stay. This is because the imposition of Rule 11–type sanctions falls within the "governmental unit police or regulatory power" exception to § 362(a)'s automatic stay. 11 U.S.C. § 362(b)(4).

Appellee shall file a response brief within seven days from the date this Order is filed. Appellant shall have 11 days from service of Appellee's response brief within which to file a reply brief.

IT IS SO ORDERED.