**In re Gerald NELSON, Debtor.**

**Bankruptcy No. 99–11185.**

United States Bankruptcy Court, D. Maine.

Nov. 12, 1999.

---

Linda J. Conti, State of Maine Assistant Attorney General, Augusta, ME, for Movant.

Donald J. Gasink, Augusta, ME, for Debtor.

Peter C. Fessenden, Brunswick, ME, Chapter 13 Trustee.

## MEMORANDUM OF DECISION

JAMES B. HAINES, Jr., Chief Judge.

Before me is the State of Maine's motion seeking clarification of the automatic stay's

1. This memorandum sets forth my conclusion of law pursuant to Federal Rule of Bankruptcy Procedure 7052 (made applicable to this contested matter by Federal Rule of Bankruptcy Procedure 7052) and Federal Rule Civil Procedure 52. Unless otherwise noted, all references to statutory sections are to the Bankruptcy Reform Act of 1978 ("Bankruptcy Code" or "Code"), as amended, 11 U.S.C. § 101 *et seq.*

2. The State asked that Nelson be permanently enjoined from:

scope or, alternatively, relief from the stay. The material facts are not in dispute. The parties and the Chapter 13 trustee have argued the motion's merits and have briefed the issues. For the reasons set forth below, I conclude that the State's pending state court action against the debtor is excepted from U.S. Bankruptcy Code § 362(a)'s automatic stay by § 362(b)(4).[1]

### FACTS

Gerald Nelson filed a voluntary Chapter 13 petition on July 19, 1999. Pending in Superior Court for Kennebec County at that time was the State of Maine's complaint alleging violations of Maine's Unfair Trade Practices Act, *see* Me.Rev.Stat. Ann. tit. 5, §§ 206–214 (West 1989 & Supp. 1998), and the Consumer Solicitations Sales Act. *See* Me.Rev.Stat. Ann. tit 32, §§ 4661–4671 (West 1999). The State sought injunctive relief, civil penalties, restitution, and costs.[2] Among other things, the state court complaint alleged that Nelson violated state law in his dealings with four, named landowners. In each case Nelson allegedly misrepresented the scope of work he was to perform, failed to provide a written contract or provided a contract in impermissible form, harvested wood of a value exceeding the agreed price, and did not pay the landowner the contract price.

### DISCUSSION

Section 362(a)'s automatic stay, activated at the petition's filing, enjoins a debtor's prebankruptcy creditors from pursuing a

a. telephoning, writing letters to, or in any way soliciting persons who own land in Maine with respect to harvesting or selectively cutting their wood, timber or trees;
b. making misrepresentations in violation of the Unfair Trade Practices Act; and
C. violating the Consumer Solicitations Sales Act....
(State of Maine Mot. at 2; *see also* Ex. A, Superior Court Complaint at 8).

comprehensive array of actions aimed at establishing or collecting a debtor's pre-petition liabilities.[3] The stay "is intended to give the debtor breathing room," *Soares v. Brockton Credit Union (In re Soares)*, 107 F.3d 969, 975 (1st Cir.1997), "effect[ing] an immediate freeze of the status quo at the outset of the [bankruptcy] proceeding, by precluding and nullifying most postpetition actions and proceedings against the debtor in nonbankruptcy fora, judicial or nonjudicial, as well as most extrajudicial acts against the debtor, or affecting property in which the debtor, or the debtors's estate, has a legal, equitable or possessory interest." *Interstate Commerce Comm'n v. Holmes Transp., Inc.*, 931 F.2d 984, 987 (1st Cir.1991).

A longstanding exception to the automatic stay's substantial reach provides that governmental units are not enjoined from taking actions to enforce their "police powers."[4] Set forth in § 362(b)(4), the "police and regulatory power exception" currently provides[5] that the injunctive provisions of § 362(a) do not operate to stay:

> the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's . . . police or regulatory power.

11 U.S.C. § 362(b)(4).[6]

Nelson concedes that the State of Maine is a "governmental unit" and that, in pur-

---

**3.** As applicable to this dispute, section 362(a) provides:

> Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of —
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
> . . . .
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title[.]

§ 362(a)(1),(2)(3),(6).

**4.** "[T]he bankruptcy court is not a haven for wrongdoers. The policy of the Code is to permit regulatory, police and criminal actions to proceed in spite of section 362(a)(1), and to permit enforcement of resulting judgments or orders, other than money judgments, in spite of section 362(a)(2)." 2 *Collier on Bankrupt-*

cy, ¶ 363.05[5][a] (15th 3d. Rev.1999). The First Circuit has stated that the police and regulatory power exception coupled with 28 U.S.C. § 959(b)'s requirement that court appointed trustees, receivers, or managers undertake their charge in accordance with State laws "indicate[s] strongly that the automatic stay should not be used as a shield against the application and enforcement of valid state and local laws." *Cournoyer v. Town of Lincoln*, 790 F.2d 971, 977 (1st Cir.1986). *See also Penn Terra Ltd. v. Department of Envtl. Resources*, 733 F.2d 267, 271–74 (3d Cir. 1984) (discussion of the legislative history of the police and regulatory power exception to the stay (prior to the 1999 revisions)).

**5.** The 1999 Chemical Weapons Convention Implementation Act amended § 362(b)(4) in three ways: former subsections (b)(4) and (b)(5) were combined; language was inserted into the introductory clause to provide expressly that the exception applies to actions otherwise falling under § 362(a)(3) and (6); and organizations operating under the Chemical Weapons Convention were expressly identified as entitled to invoke § 362(b)(4). The reworking created "apparently unintentional ambiguities, which are best resolved by reference to the pre-amendment version." 2 *Colliers on Bankruptcy, supra*, ¶ 362.05[5][b].

**6.** The exception of § 362(b)(4) applies only to actions falling under the purview of subsections § 362(a)(1),(2),(3), or (6). *See* § 362(b)(4); § 363(a). *See also supra* notes 3 and 5.

suing the civil action now pending in the state court it is enforcing its police and regulatory power.[7] Indeed, 362(b)(4)'s application to the State's efforts to obtain injunctive relief is straightforward. *See, e.g., Penn Terra Ltd.,* 733 F.2d 267 (in an action against debtor for violations of environmental laws by a state agency resulting in an injunction requiring debtor to perform certain remedial acts, court concluded action was excepted from the stay, rejecting the argument that it was enforcement of a money judgment clothed as injunctive relief); *see also Cournoyer,* 790 F.2d 971 (town's enforcement of its zoning laws by removing used truck parts from debtor's property—stored there in violation of a consent decree, town zoning laws, and a court order on contempt charges— was excepted from the stay).

Section § 362(b)(4)'s application to the State's efforts to establish penalties or fines for Nelson's statutory infractions is also plain. *See, e.g., Maritan v. Todd,* 203 B.R. 740 (N.D.Okla.1996) (Rule 11 sanctions against debtor/attorney excepted from the stay); *NLRB v. Sawulski,* 158 B.R. 971 (E.D.Mich.1993)(contempt proceedings including fines excepted from stay); *United States v. Armory Hotel Assocs.,* 93 B.R. 1 (D.Me.1988) (United State's action to reduce to judgment penalties for violation of the record-keeping requirements of the immigration laws falls within the § 362(b)(4) exception).

But Nelson argues that the automatic stay does forestall the State's attempt to obtain an order for restitution. As he sees it, that attempt turns on transactions with each landowner and the damages for which each landowner asserts he is liable. Nelson points out that he has listed the landowners as creditors in his schedules and that he intends to challenge such claims as they may file. He apprehends that the State may amend its complaint to allege his misconduct in connections with others whom he has listed as creditors. He objects to what he sees as the State's attempt to "export" those disputes to the state court, contending they are part and parcel of his Chapter 13 case.

The State responds that although it may rely upon Nelson's transactions with landowner/creditors as *evidence of* a proper measure of restitution, its efforts are aimed at establishing a pattern of unlawful conduct and obtaining an appropriate order for restitution.[8] It will litigate statutory/regulatory issues, *not* contract claims.

I agree with the State that it is free to litigate its dispute with Nelson in state court, bankruptcy notwithstanding. I concur with the holding articulated by Judge Murphy in nearly identical circumstances:

In the instant case, Movant is, without question, a governmental unit. The gravamen of Movant's Complaint is an action to stop consumer fraud. Movant seeks an injunction, imposition of a fine, and payment of restitution, all of which appear to be aimed at enforcing Movant's regulatory power. Movant's complaint does not seek recompense for any pecuniary damage it suffered at the

---

7. This concession averts the necessity of delving into the "pecuniary purpose" test or the "public policy" test for determining whether the State is acting with the requisite § 362(b)(4) purpose in its action against Nelson. *See Eddleman v. United States Dept. of Labor,* 923 F.2d 782, 790–91 (10th Cir.1991) (describing the alternative tests).

8. The State does not seek relief from stay to *enforce* any money judgment it may obtain. In fact, it expects that such payment as it may exact will be obtained through Nelson's Chapter 13 plan. *See, e.g., Cisneros v. Cost Control Mktg. and Sales Management of Virginia, Inc.,* 862 F.Supp. 1531, 1534 n. 3 (W.D.Va.1994); *Maritan,* 203 B.R. at 744. *See also Eddleman,* 923 F.2d at 791 (observing that the debtors' back-pay claimants would not achieve "any extra priority" as the result of the DOL's unstayed action because the collection of the back-pay claims would "proceed according to normal bankruptcy procedures").

Of course, how the State's potential restitution claim should be treated under Nelson's plan and how the State's distribution of restitution among Nelson's creditors would impact those creditors' Chapter 13 claims are issues for another day.

hands of Debtor. Nor does Movant seek to enforce third parties' contracts with Debtor. A proceeding which seeks restitution is not deprived of the applicability of exceptions to the automatic stay merely because restitution bears a direct relationship to actual pecuniary losses. *See, In re Whitaker,* 16 B.R. 917 (Bkrtcy.M.D.Tenn.1982); *In re Farrell,* 43 B.R. 115 (M.D.Tenn.1984). The Complaint shows that Movant's purpose in filing the state court proceeding was to enforce governmental regulatory powers, not to collect a debt. Therefore, § 362(b)(4) is applicable to except Movant's lawsuit from the operation of the automatic stay.

*State of Georgia v. Family Vending, Inc. (In re Family Vending, Inc.),* 171 B.R. 907, 909 (Bankr.N.D.Ga.1994). *See also Eddleman,* 923 F.2d at 790–91 (DOL's enforcement proceedings against debtor, seeking debarment and liquidation of backpay claims "was but another method of enforcing the policies underlying the [Service Contract Act]" and was not "an assertion of private rights"); *Cost Control Mktg. And Sales Management of Virginia,* 862 F.Supp. at 1533 (HUD's action, seeking restitution and disgorgement, against debtor for violations of the Interstate Land Sales Full Disclosure Act was a "suit for the purpose of punishing the defendants for fraudulent practices and deterring any similar conduct in the future," falling within the police or regulatory power exception to the stay); *Ahrens Aircraft, Inc. v. NLRB,* 703 F.2d 23 (1st Cir.1983)(enforcement of NLRB's back pay order excepted from the stay); *SEC v. Towers Fin. Corp.,* 205 B.R. 27 (S.D.N.Y. 1997)(SEC action against debtor seeking disgorgement of investor funds, as well as injunctive relief, was excepted from the stay as an exercise of police and regulatory powers, rejecting debtor's argument that SEC was seeking a pecuniary benefit); *Ngan Gung Restaurant, Inc. v. State of New York (In re Ngan Gung Restaurant, Inc.),* 183 B.R. 689 (Bankr.S.D.N.Y. 1995)(state's action for restitution of unpaid employee wages and tips against debtor/employer was excepted from the stay, rejecting the debtor's contention that the restitution was akin to private collection efforts, concluding that the relief was a method of enforcing the policy underlying the labor laws).[9]

**9.** Nelson attempts to distinguish *Family Vending, Inc.,* and cases like it, because it was a no-asset Chapter 7 case. The effort is unconvincing. Section 362(b)(4) applies unqualifiedly to Chapter 13. *See* § 103(a). The impact of the police and regulatory exception on the assets of the estate and, thus, the status of a case as a liquidation versus a reorganization does not play a role in my determination of whether the exception applies. *See, e.g., Eddleman,* 923 F.2d at 790 (rejecting District court's conclusion that the "police and regulatory power" exception did not apply to actions interfering with the bankruptcy court's control over the Chapter 11 assets, assuming that Congress chose not to so qualify the exception "with the full recognition that the exception would allow governmental actions to encroach on the court's control of debtors' affairs"); *Penn Terra Ltd.,* 733 F.2d at 278 ("In enacting the exceptions to section 362, Congress recognized that in some circumstances, bankruptcy policy must yield to higher priorities."); *Maritan,* 203 B.R. at 744 (applying § 362(b)(4) in a Chapter 13 case, concluding that there is no limitation on the police and regulatory power exception for in-

stances in which the governmental action interferes with the administration of the debtor's assets); *Sawulski,* 158 B.R. 971 (applying exception in a Chapter 13 case with respect to contempt of court proceedings involving confinement and fines); *In re Ngan Gung Restaurant, Inc.),* 183 B.R. 689 (straightforwardly applying the exception in a chapter 11 reorganization); *see also Board of Governors of the Federal Reserve System v. MCorp,* 502 U.S. 32, 37–42, 112 S.Ct. 459, 116 L.Ed.2d 358 (1991) (police and regulatory powers exception embraced two administrative proceedings by the Federal Reserve System against debtor for violations of the Federal Reserve Act and "source of strength" regulations, even though a determination unfavorable to the debtor could impact the bankruptcy estate; suggesting in the latter event that the bankruptcy court exercise its concurrent jurisdiction); *cf. O'Hara Corp. v. F/V North Star,* 212 B.R. 1, 3 (D.Me.1997)("Courts have begun to recognize that disparate treatment is contrary to the language and purpose of the stay.... 'The plain language of the automatic stay provision of the Bankruptcy Code ap-

*CONCLUSION*

For the reasons set forth above, I conclude that the State of Maine's pending civil lawsuit against the debtor is within § 362(b)(4)'s exception to the automatic stay and, therefore, may proceed without further order of this court.

A separate order shall issue forthwith.

plies equally to liquidations and reorganizations.' ") (quoting *United States v. LeBouf* *Bros. Towing Co.,* 45 B.R. 887, 889–90 (E.D.La.1985)).