IN RE: Keven A. MCKENNA, Debtor

BK No: 17–10314

United States Bankruptcy Court, D. Rhode Island.

Signed April 14, 2017

---

Keven Alexander McKenna, Providence, RI, pro se.

## MEMORANDUM OF DECISION

Diane Finkle, U.S. Bankruptcy Judge

This memorandum details the Court's findings of fact and conclusions of law supporting the Court's bench ruling and order entered after hearing held on April 5, 2017 (Doc. #40), denying creditor Ronald Blanchard's Emergency Motion for Bankruptcy Court to Find that Rule 11 Sanctions are Exempt from the Stay under 11 U.S.C. § 362(b)(4)[1] ("Stay Exemption Motion," Doc. #22). Debtor Keven McKenna timely objected to the Stay Exemption Motion ("Objection," Doc. #23). There appears to be some confusion amongst members of the bar, and perhaps by judges of the Rhode Island state courts, on whether the automatic stay under Bankruptcy Code § 362(a) applies to Rule 11 sanction proceedings in non-bankruptcy judicial forums. Hopefully, this memorandum will provide some clarity on the issue.

### State Court Proceedings [2]

On March 6, 2015, the Rhode Island Superior Court (Providence County) ("State Court") imposed a sanction of $19,267.06 against Mr. McKenna, payable to Mr. Blanchard, after proceedings in which it found that Mr. McKenna had violated the provisions of Rule 11 of the Rhode Island Superior Court Rules of Civil Procedure, a rule similar in content and purpose to Rule 11 of the Federal Rules of Civil Procedure and Rule 9011 of the Federal Rules of Bankruptcy Procedure.

Thereafter, a series of hearings followed as a result of Mr. McKenna's failure to pay the sanction, during which hearings Mr. McKenna maintained that he did not have the financial ability to make the payments. Ultimately, on November 9, 2016, the State Court determined otherwise and ordered him to pay Mr. Blanchard the remaining balance of the monetary sanction of $17,267.06 ("Monetary Sanction") in three monthly installments commencing December 1, 2016. Having failed to make the first installment payment, a show cause hearing was held on January 23, 2017, after which Mr. McKenna was afforded an amended payment schedule, and was ordered to pay the first installment by February 2, 2017. This time, however, the State Court admonished him that if he did not make the payments, he would face incarceration for further contempt of the payment order. This motivated Mr. McKenna to make this first payment, but he did not pay the second installment due March 1, 2017, and instead filed his petition under Chapter 13 of the Bankruptcy Code.

### Bankruptcy Proceedings

Although this case has been pending only a short time, filings concerning the Monetary Sanction have been fast and furious. A few hours after filing his petition, Mr. McKenna filed an Emergency Motion to Declare Exclusive Bankruptcy Jurisdiction ("Declaratory Motion," Doc. #13), asking for confirmation that this Court, not the State Court, had exclusive jurisdiction over the Monetary Sanction. This mo-

---

1. Unless otherwise indicated, the terms "Bankruptcy Code," "Chapter," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub L. No. 109–8, 119 Stat. 37 ("BAPCPA").

2. This background is gleaned from the Motion, the Objection, and the Court's docket. *See In re Mailman Steam Carpet Cleaning Corp.*, 196 F.3d 1, 8 (1st Cir. 1999) ("The bankruptcy court appropriately took judicial notice of its own docket.").

tion was filed in an effort to forestall a continued hearing that same afternoon before the State Court to enforce the payment of the Monetary Sanction. After this Court required proper service of the Declaratory Motion and a more detailed memorandum of law before the Court would grant emergency consideration, Mr. McKenna withdrew the motion. He indicated that the hearing before the State Court had been passed *nisi* due to the bankruptcy filing and apparent uncertainty regarding the applicability of the automatic stay to those proceedings. In the interim, Mr. Blanchard filed the Stay Exemption Motion. On March 10, 2017, the Court denied emergency consideration of Mr. Blanchard's motion and scheduled the matter for hearing April 5, 2017.[3]

### Applicable Law

#### a. The Automatic Stay

■ Bankruptcy Code § 362(a) imposes an automatic stay upon the filing of a bankruptcy petition. "The automatic stay is one of the fundamental protections that the Bankruptcy Code affords to debtors." *In re Jamo*, 283 F.3d 392, 398 (1st Cir. 2002) (citations omitted); *see also Midlantic Nat. Bank v. New Jersey Dep't of Envtl. Prot.*, 474 U.S. 494, 503, 106 S.Ct. 755, 88 L.Ed.2d 859 (1986). "[T]he automatic stay efficiently ensures that the assets remain within the exclusive jurisdiction of the bankruptcy court pending their orderly and equitable distribution among the creditors, better enabling the debtor's 'fresh start.'" *In re McMullen*, 386 F.3d 320, 324 (1st Cir. 2004) (citations omitted). There are, however, express statutory exceptions where the automatic stay does not arise upon the filing of a bankruptcy petition. One such exception is provided by § 362(b)(4), which states that the automatic stay does not operate against

> the commencement or continuation of an action or proceeding by a governmental unit ... to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power.

This section "specifically excludes actions [of governmental units] exercising their police or regulatory power under paragraphs (1), (2), (3) or (6) of subsection (a) of this section." *In re Montalvo*, 537 B.R. 128, 142 (Bankr. D.P.R. 2015) (citing 11 U.S.C. § 362(b)(4)). The goal of this exception is to "discourage[ ] debtors from submitting bankruptcy petitions either primarily or solely for the purpose of evading impending governmental efforts to invoke the governmental police powers to enjoin or deter ongoing debtor conduct which would seriously threaten the public safety and welfare." *McMullen*, 386 F.3d at 324–25 (citations omitted).

#### b. Rule 11 Sanctions

Rhode Island General Laws § 9–29–21 provides, in relevant part:

> The signature of an attorney or party constitutes a certificate by him or her that he or she has read the pleading, motion, or other paper; that to the best of his or her knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause

---

**3.** Just to bring things full circle, Mr. McKenna's Chapter 13 Plan (Doc. #10) proposes to pay the Monetary Sanction in full through monthly payments of $410.00 over the course of 36 months.

unnecessary delay or needless increase in the cost of litigation .... If a pleading, motion, or other paper is signed in violation of this rule the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

■ This statute is "the statutory embodiment of [the Superior] Court's authority" to impose sanctions under Rule 11 of the Rhode Island Superior Court Rules of Civil Procedure which, in pertinent part, is substantially similar to the statute. *See Pellegrino v. Rhode Island Ethics Comm'n,* No. PC98-4579, 2004 WL 2813773, at *4 (R.I. Super. Sept. 22, 2004). It "was enacted in 1986, and its wording generally follows the 1983 amendment to Fed. R. Civ. P. 11." *D'Amario v. State,* 686 A.2d 82, 83–84 (R.I. 1996) (citing 1995 Comm. Notes to Super. R. Civ. P. 11) (footnote omitted). "Under Rule 11, a trial justice has discretionary authority to formulate what he or she considers to be an appropriate sanction, but must do so in accordance with the articulated purpose of the rule: 'to deter repetition of the harm, and to remedy the harm caused.'" *Pleasant Mgmt., LLC v. Carrasco,* 918 A.2d 213, 217 (R.I. 2007) (quoting *Michalopoulos v. C & D Restaurant, Inc.,* 847 A.2d 294, 300 (R.I. 2004)).

## Analysis

■ Mr. Blanchard argues that the Monetary Sanction imposed by the State Court under its applicable Rule 11 falls within the exception to the automatic stay set forth in Bankruptcy Code § 362(b)(4), relying on *Alpern v. Lieb,* 11 F.3d 689 (7th Cir. 1993), and *Maritan v. Todd,* 203 B.R. 740 (N.D. Okla. 1996). A close reading of these cases, however, does not support his contention for there is an important distinction between proceedings to determine the imposition of sanctions and the nature of such sanctions, and proceedings to enforce and collect monetary sanctions that have already been imposed. The former is indeed exempted from the automatic stay, but the latter is not. The *Alpern* court addressed the imposition of Rule 11 sanction proceedings but not the enforcement of a resulting monetary judgment. *See Alpern,* 11 F.3d at 690. The *Maritan* court went one step further, noting that as to "the 'enforceability' of any money judgment against [the debtor] .... enforcement of a money judgment by a governmental unit is subject to § 362(a)'s automatic stay." *Maritan,* 203 B.R. at 744.

Here, the Monetary Sanction was imposed over two years ago and the recent State Court proceedings, leading up to Mr. McKenna's bankruptcy filing, had advanced to the stage of enforcement and collection of that sanction judgment.[4] The plain and unambiguous reading of Bankruptcy Code § 362(b)(4) is that it expressly encompasses within the stay exception afforded governmental units "the enforcement of a judgment *other than a money judgment.*" (emphasis added); *see In re First Alliance Mortg. Co.,* 263 B.R. 99, 114 (9th Cir. B.A.P. 2001) (finding that a state court restitution action for violation of state consumer protection laws "fits the narrow exception of § 362(b)(4) for fixing damages for violations of the consumer laws .... However, collection and enforcement of restitution claims must proceed according to normal bankruptcy proce-

---

4. The State Court's Order issued on November 9, 2016, resulted from continued hearings held on Mr. Blanchard's motion entitled "De-mand for Payment of Rule 11 Sanctions." *See* Doc. #22, Ex. A.

dures, and are stayed."); *In re Mohawk Greenfield Motel Corp.*, 239 B.R. 1, 6 (Bankr. D. Mass. 1999) ("Simply put, action by a governmental unit to enforce its police and regulatory powers is excepted from the automatic stay so long as the action is not to enforce a money judgment."). Otherwise, allowing the enforcement of monetary judgments under § 362(b)(4) "would give the governmental unit an unfair advantage over other creditors, would effectively subvert the scheme of priorities set forth in [Bankruptcy Code] section 507 and would effectively deny to the debtor the benefits of discharge." *Collier on Bankruptcy* ¶ 362.05 (Alan N. Resnick & Henry J. Sommers eds., 16th ed.).

## Conclusion

Having determined that actions to *enforce and collect* a monetary judgment imposed under Rule 11 of the Superior Court Rules of Civil Procedure are indeed subject to the automatic stay under Bankruptcy Code § 362(a), the Court denied the Stay Exemption Motion.