**UNITED STATES of America, Plaintiff,**

v.

**LeBOUF BROS. TOWING CO., INC., Defendant.**

**No. 83–5983.**

United States District Court, E.D. Louisiana.

Jan. 18, 1985.

Nancy A. Nungesser, New Orleans, La., for plaintiff.

Stewart F. Peck, New Orleans, La., for defendant.

## MEMORANDUM AND ORDER

SEAR, District Judge.

The United States brought this action *in rem* against four vessels owned by defendant, LeBouf Bros. Towing Co., Inc. ("Le-Bouf") to foreclose on a preferred ship mortgage. Two vessels were arrested in December of 1983 and two in January of 1984. On August 16, 1984, I granted partial summary judgment in favor of the United States recognizing the preferred ship mortgage.

On motion of the United States, I ordered on September 21, 1984 that the vessels be sold as soon as practicable. Sale of the vessels was scheduled for November 8, 1984. However, on November 5, 1984, Le-Bouf filed a petition in the Bankruptcy Court of this district for reorganization under Chapter 11 of the Bankruptcy Code and filed into the record of this case a notice of automatic stay provided in section 362(a) of the Bankruptcy Code, 11 U.S.C. § 362(a).

Thereafter, LeBouf moved that the order of sale be revoked in light of the automatic stay. The United States opposed the stay and argued that the sale should proceed.

Nevertheless, it agreed on November 7, 1984 that the sale should be continued until after both parties had the opportunity to submit memoranda on the effect of the automatic stay under the Bankruptcy Code on this admiralty proceeding.

The United States argues that the vessels should be sold pursuant to my order and offers several theories in support of its argument. The government first contends that the bankruptcy court and the district court have concurrent jurisdiction over the vessels in this case, and the question of which court should exercise jurisdiction over the vessels is properly resolved on the theory of first come, first served. In other words, the United States asserts that because the district court was the first court to exercise jurisdiction over LeBouf's boats, it alone should exercise its jurisdiction over them, disregard the automatic stay and order that the sale of the boats proceed. In the alternative, the United States maintains that even if the automatic stay is effective, the reference by the district court of the LeBouf reorganization proceeding to the bankruptcy judge should be withdrawn the stay as to LeBouf's vessels revoked.[1]

LeBouf contends that the United States' theory of first come, first served is incorrect and that the automatic stay pursuant to § 362 of the Bankruptcy Code prevents the sale of its boats from proceeding. LeBouf also argues that neither the reference nor the stay should be revoked because there has been no showing that the interests of the United States will not be properly protected in the bankruptcy proceeding.

## I. Stays Under the Bankruptcy Act of 1898

Under the Bankruptcy Act of 1898, as amended, whether a district court could continue to exercise jurisdiction over the property of a debtor after initiation of an action in a bankruptcy court was dependent on whether the bankruptcy action was for liquidation, or reorganization or arrangement of the debtor. The Act provided that approval of a petition for reorganization operated as an automatic stay of any prior pending bankruptcy, mortgage foreclosure, equity receivership or lien enforcement proceeding. Section 148 of the Bankruptcy Act, 11 U.S.C. § 548 (repealed October 1, 1979). The Act also permitted the bankruptcy court to stay these proceedings prior to approval of a petition for reorganization. See § 113 of the Bankruptcy Act, 11 U.S.C. § 513 (repealed October 1, 1979). At least one district court in an admiralty proceeding involving a debtor's property respected the automatic stay arising from a bankruptcy court's approval of the debtor's petition in a reorganization case. *In re J.S. Gissel & Co.*, 238 F.Supp. 130 (S.D.Tex. 1965). See generally Landers, *The Shipowner Becomes A Bankrupt*, 39 U.Ch.L. Rev. 490, 509 (1972).

Section 11 of the Act provided that:

A suit which is founded upon a claim from which a discharge [in bankruptcy] would be a release, and which is pending at the time of the filing of a petition by or against him, shall be stayed until an adjudication or dismissal of the petition.

11 U.S.C. § 29 (repealed October 1, 1979). In contrast to the automatic stay under § 148 of the Act, this stay was not automatic. It required the debtor to seek an order from the district court specifically enjoining the prosecution of the suit. This automatic provision applied with equal force to liquidation and arrangements proceedings. See § 314 of the Bankruptcy Act, 11 U.S.C. § 714 (repealed October 1, 1979). Nevertheless, where the action in the bankruptcy court was for liquidation of the debtor, the first court to exercise jurisdiction over the debtor's property continued to exercise jurisdiction—notwithstanding the later filing of a bankruptcy petition.

---

1. Pursuant to section 104(a) of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 1984 U.S.Code Cong. & Ad.News (98 Stat.) 340 (to be codified at 28 U.S.C. § 157(a)), and the Order of Reference of Bankruptcy Cases and Proceedings of this district, all cases arising under the Bankruptcy Code are referred automatically to the bankruptcy judges.

For example, in *Wong Shing v. M/V Mardina Trader*, 564 F.2d 1183 (5th Cir. 1977), the Fifth Circuit considered the decision of the district judge in the Canal Zone to sell a vessel in disregard of a temporary restraining order issued by the District Court for the Northern District of Illinois. The ship had been arrested in the Canal Zone on June 6, 1974 and on July 15, 1974, the Canal Zone court ordered that it be sold on July 30, 1974. A trustee for the benefit of the creditors of the ship's owners was appointed, apparently by the Illinois District Court, on July 13, 1974. The Illinois court, on motion of the trustee, issued on July 29, 1974 a temporary order restraining the United States Marshal in the Canal Zone from selling the vessel. The Canal Zone court, however, ordered the United States Marshal to disregard the order and to proceed with the sale. The Fifth Circuit affirmed, finding that the Illinois court lacked jurisdiction over the vessel to restrain its sale:

> When a court of competent jurisdiction takes possession of property through its officers, that property is withdrawn from the jurisdiction of all other courts. Where the jurisdiction of a court, and the right of a plaintiff to prosecute his suit in it, have attached, that right cannot be arrested or taken away by proceedings in another court.

*Id.* at 1188. The result reached—that the stay did not prevent the sale—was consistent with the existing case law.

A more accurate portrayal of the jurisprudence under the Bankruptcy Act, however, is *Atlantic Richfield Co. v. Good Hope Refineries, Inc.*, 604 F.2d 865 (5th Cir.1979). In that case, the Fifth Circuit reviewed the Florida district court's decision to proceed with determination of the merits of an *in rem* admiralty action despite the order of the United States District Court for the District of Massachusetts issued in an arrangement proceeding which enjoined the prosecution of actions against GHR.[2] The admiralty action was to assert a lien against cargo for demurrage. The Fifth Circuit found that the *res* at issue was a bond issued by the surety and that the admiralty court had limited the action before it to determine the liability of the surety on the bond. Because the surety's bond was never property of the bankrupt or its estate, the Fifth Circuit held that it was not property protected by the stay order.

The Fifth Circuit discussed stay orders issued in bankruptcy actions and concluded that admiralty proceedings involving the debtor's property were stayed only where the bankruptcy proceeding was an arrangement or reorganization and not a liquidation. The court observed that because the goal of a reorganization is "to achieve the continuation of the debtor's enterprise ... it is essential to marshall [in the bankruptcy court] all assets of that business necessary to its rehabilitation whether or not those assets are subject to liens." *Id.* at 869. The court found that because liquidation of a debtor involves only liquidation of the debtor's estate and distribution of the assets, there was no similar need to have the entire liquidation accomplished by the bankruptcy court. Thus, the court found that the practice of first come, first served applied in liquidations not because the bankruptcy court lacked jurisdiction over the property, but because the practice was:

> a practical means of resolving the conflict between courts of concurrent jurisdiction by allowing the court that first secures custody of the property to proceed with the action without interference.

*Id.* at 869 (emphasis added). Distinguishing between liquidations and reorganizations in this way, however, ignores that the goal of bankruptcy law regarding liquidation is to ensure a fair distribution of the

**2.** An "arrangement" proceeding was provided for under Chapter XI of the Bankruptcy Act of 1898 and was designed primarily to permit extension of the time for payment by the debtor of his unsecured debts. The provision of Chapter XI of the Act, together with those of Chapters X (pertaining to reorganizations) and XII (real property arrangements) were consolidated in the 1978 Bankruptcy Code as Chapter 11 (reorganizations).

debtor's assets. If a court proceeds with an *in rem* admiralty action after a petition for liquidation has been filed, the rights of the debtor's creditors may not be adequately represented in the admiralty action. Indeed, if a vessel were sold in an admiralty action, the plaintiff could potentially recover a greater proportion—perhaps even 100 percent—of his claim against the debtor than could other secured or unsecured creditors. Holders of claims cognizable in admiralty would effectively be granted a priority in the liquidation of the debtor superior even to that of the holders of other secured claims.

## II. Stays Under the Bankruptcy Code, 11 U.S.C. § 101 et seq.

The disparity between treatment of liquidations and reorganizations existing under the Bankruptcy Act was eliminated by the Bankruptcy Reform Act of 1978 which established the Bankruptcy Code. The plain language of the automatic stay provision of the Bankruptcy Code applies equally to liquidations and reorganizations:

[A] petition filed under [the Bankruptcy Code] ... [o]perates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

\*       \*       \*       \*       \*       \*

(4) any act to create, perfect, or enforce any lien against property of the estate.

11 U.S.C. § 362(a).

Moreover, the Reports of the House and Senate Judiciary Committees evidence the intent of Congress that the automatic stay apply to all actions automatically. The Senate Report provides that "the scope of [the stay] is broad. All proceedings are stayed, including arbitration, administrative and judicial proceedings." S.Rep. (Judiciary Committee) No. 989, 95th Cong., 2d Sess., *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5836.

The House Report declares a similar intent:

The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors. Bankruptcy is designed to provide an orderly liquidation procedure under which all creditors are treated equally. A race of diligence by creditors for the debtor's assets prevents that.

Subsection (a) defines the scope of the automatic stay, by listing the acts that are stayed by the commencement of the case. The commencement or continuation, including the issuance of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the bankruptcy case is stayed under paragraph (1). The scope of this paragraph is broad. All proceedings are stayed, including arbitration, license revocation, administrative, and judicial proceedings. Proceedings in this sense encompass civil actions as well, and all proceedings even if they are not before government tribunals.

H.Rep. (Judiciary Committee) No. 595, 95th Cong., 2d Sess., *reprinted in* U.S.Code Cong. & Ad. News 6296–97.

Congress certainly intended, and the statute clearly provides, that the automatic stay effected by § 362 prevent all post-petition executions on a debtor's property; consequently the sale of LeBouf's boats in this action cannot proceed.

## III. Withdrawal of Reference

The Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 1984 U.S.Code Cong. & Ad.News (98 Stat.) 333 (to be codified in scattered sections of 28 U.S.C. and 11 U.S.C.) (the "1984 Amendments"), amended, *inter alia,* the provisions of title 28 United States Code regarding jurisdiction of bankruptcy proceedings. Section 157(d) of title 28 United States Code now provides that a district court may for cause remove from the bankruptcy court any part of a case or proceeding referred pursuant to § 157(a). 1984 Amendments, § 104(a) (to be codified as 28 U.S.C. § 157). The United States argues that cause to remove LeBouf's boats from the bankruptcy proceeding is demonstrated here by the conflict in jurisdiction over the ships between this court and the bankruptcy court. This argument suggests a misunderstanding on the part of the government as to the source of the bankruptcy court's jurisdictional authority. A conflict of jurisdiction presupposes two independent jurisdictional authorities. Under the 1984 Amendments, the district courts "have original and exclusive jurisdiction of all cases under title 11" and the bankruptcy court is merely a unit of the district court exercising that court's authority pursuant to 28 U.S.C. §§ 151 and 157. See 1984 Amendments, § 104(a) (to be codified as 28 U.S.C. § 1334(a)). Consequently, the bankruptcy court has no jurisdictional authority independent of this court; hence, there is no conflict of jurisdiction in this case.[3]

Furthermore, there would have been no jurisdictional conflict even if LeBouf had filed its petition for reorganization in another district. First, if I still had jurisdiction over LeBouf's boats after the bankruptcy action were filed, I would nevertheless be required to abide by the automatic stay effected by § 362 of the Bankruptcy Code. Second and more important, 28 U.S.C. § 1334 was amended by the 1984 Amendments so that the district court in the district in which a title 11 case is commenced has "exclusive jurisdiction of all of the property, wherever located, of the debtor...." 1984 Amendments, § 101(a) (to be codified 28 U.S.C. § 1334(d)). I would therefore have had no jurisdiction over the boats and thus, there could have been no conflict of jurisdiction. The United States has not demonstrated any cause for me to withdraw this court's reference of LeBouf's title 11 case to the bankruptcy court.

## IV. Relief From the Stay

The United States next argues that it is entitled to relief from the automatic stay effected by § 362 because LeBouf has failed to provide the government with adequate protection for the value of its interest in LeBouf's property. Section 362 provides, in relevant part:

> On request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or (2) with respect to a stay of an act against property [under subsection (a) of this section], if—(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d) (language in brackets added by the 1984 Amendments. Although the case law is sparse, it would seem that the better reading of the statute prior to the 1984 Amendments was that "the

---

3. In any case, if I were to withdraw the reference to the bankruptcy judge of LeBouf's reorganization proceeding, I would consider the matter under the bankruptcy jurisdiction of the district court and apply applicable bankruptcy law.

Court" to which it refers was the bankruptcy court and not the district court unless, of course, the reference to the bankruptcy court had been revoked. *See In re Robintech, Inc.*, 35 B.R. 688 (Bkrtcy.Ala.1983). The 1984 Amendments provide that the bankruptcy court is merely a unit of the district court composed of the bankruptcy judges of the district. See 1984 Amendments, § 104(a) (to be codified at 28 U.S.C. § 151). Consequently, "the court" to which the statute refers should be interpreted to mean the unit of the district court known as the bankruptcy court. Moreover, the notice and hearing for which the statute provides are apparently intended not only to allow the debtor the opportunity to be heard, but also the other creditors. It is the bankruptcy judge that has LeBouf's other creditors before him. The arguments of the United States for relief from the stay are therefore more properly directed to him.

Accordingly,

IT IS ORDERED that the motion of the United States to proceed with the sale or, alternatively, to withdraw reference and for relief from automatic stay be **DENIED.**

IT IS FURTHER ORDERED that this Court's order directing the sale of LeBouf's vessels be **RECALLED, RESCINDED and VACATED.**