In re BULK OIL (USA), INC., Debtor.

**BOUSA, INC., f/k/a Bulk Oil
(USA), Inc., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Nos. 93 Civ. 4492 (PKL),
93 Civ. 4494 (PKL).

United States District Court,
S.D. New York.

May 14, 1997.

Maya Wiley, Assistant U.S. Attorney, New York City, for U.S.

Herbert Peter Larsen, New York City, for debtor.

### *MEMORANDUM ORDER*

LEISURE, District Judge.

Defendant United States moves for an order pursuant to 28 U.S.C. § 157(d) withdrawing from the United States Bankruptcy Court for the Southern District of New York the above-captioned adversary proceeding. Plaintiff BOUSA, Inc. ("BOUSA")[1] does not oppose the motion. For the reasons stated below, the motion is granted.

### BACKGROUND

BOUSA is a New York Corporation engaged in the importation of petroleum products. Between 1985 and 1986, BOUSA imported eleven shipments of petroleum from Romania and Brazil. Before January 1, 1989, the United States Customs Service ("Customs") classified imported merchandise using the Tariff Schedules of the United States ("TSUS"), 19 U.S.C. § 1202. At the time of entry, BOUSA identified the entries as "unleaded gasoline blendstock," a grade of petroleum that is blended to make low octane motor fuel. Blendstock is subject to a duty rate of $.0025 per gallon, pursuant to item 475.65, TSUS. Between September 1986 and June 1987, Customs liquidated the entries under the classification of "motor fuel," subject to a duty rate of $.0125 per gallon under item 475.25, TSUS. BOUSA filed seven pro-

---

1. BOUSA was formerly known as Bulk Oil (USA), Inc.

**30**

tests with Customs, contesting the liquidation of these entries at the higher rate.

On December 29, 1989, BOUSA filed a petition for reorganization under Chapter 11 of the Bankruptcy Code. On June 15, 1990, Customs denied the seven protests that BOUSA had filed. On December 12, 1990, BOUSA filed two actions in the Court of International Trade challenging Customs' tariff classification of the eleven entries as motor fuel. On August 18, 1992, Customs moved to dismiss both actions pending in the Court of International Trade, for lack of jurisdiction, arguing that BOUSA had failed to pay the liquidated Customs duties, a jurisdictional prerequisite to suit in that court. The court granted the motions in orders dated March 10 and March 15, 1993. BOUSA moved for rehearing and transfer of the actions to the District Court for referral to the Bankruptcy Court. The court granted BOUSA's motions and transferred the actions to this Court. In two orders dated August 3, 1993, the Court referred these actions to the Bankruptcy Court.

On May 24, 1995, BOUSA filed the instant adversary action, seeking reclassification of the eleven entries from motor fuel to blendstock, and a corresponding reduction in duties payable. In addition, BOUSA seeks a refund of all duties paid on these entries, alleging that they are entitled to duty-free status under special tariff preferences applicable to Brazil and Romania, the countries from which BOUSA imported the petroleum.

In support of its claim for reclassification, BOUSA argues that petroleum with an octane rating below 87 is properly classified as blendstock. All but one of the challenged entries had octane levels below 87. According to BOUSA, Customs improperly classified the challenged entries as motor fuel based on an outmoded practice of classifying petroleum with an octane rating above 85 as motor fuel. BOUSA argues that Customs ignored *Enron Oil Trading & Transp. Co. v. United States*, No. 87–09–00935, 1993 WL 97628 (Ct. Int'l Trade Mar. 29, 1993), in which the Court of International Trade recognized that petroleum registering an octane rating below 87 is not sold as gasoline or automotive fuel in most of the United States.

**DISCUSSION**

■■■■ The United States seeks withdrawal of the above-captioned action from the Bankruptcy Court. The United States contends that because the resolution of this action will require significant interpretation of TSUS, withdrawal is mandatory pursuant to 28 U.S.C. § 157(d). Section 157(d) provides, in relevant part:

> The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). Although the statutory language is broad, district courts interpret section 157(d) narrowly "so that it is not utilized as an escape hatch through which most bankruptcy matters could be removed to a district court." *Crown Heights Jewish Community Council, Inc. v. Fischer (In re Fischer)*, 202 B.R. 341, 353 n. 9 (E.D.N.Y. 1996) (quoting *In re Laventhol & Horwath*, 139 B.R. 109, 114–15 (S.D.N.Y.1992)) (internal quotation marks omitted); *see LTV Steel Co. v. Union Carbide Corp. (In re Chateaugay Corp.)*, 193 B.R. 669, 673 (S.D.N.Y.1996). Therefore, mandatory withdrawal is "reserved for cases where substantial and material consideration of non-Bankruptcy Code federal statutes is necessary for the resolution of the proceeding." *Shugrue v. Air Line Pilots Ass'n Int'l (In re Ionosphere Clubs, Inc.)*, 922 F.2d 984, 995 (2d Cir.1990) (quoting *International Ass'n of Machinists v. Eastern Air Lines, Inc. (In re Ionosphere Clubs, Inc.)*, 103 B.R. 416, 418–19 (S.D.N.Y. 1989)), *cert. denied*, 502 U.S. 808, 112 S.Ct. 50, 116 L.Ed.2d 28 (1991); *see City of New York v. Exxon Corp.*, 932 F.2d 1020, 1026 (2d Cir.1991) ("This mandatory withdrawal provision has been interpreted to require withdrawal to the district court of cases or issues that would otherwise require a bankruptcy court judge to engage in significant interpretation, as opposed to simple application, of federal laws apart from the bankruptcy statutes.").

The ultimate question in the adversary proceeding is whether Customs properly classified the challenged entries as motor fuel. In deciding that question, a court must address BOUSA's argument that petroleum products with an octane rating below 87 are properly classified as blendstock. The resolution of this issue will require a determination of the proper scope of the tariff provisions pertaining to motor fuel and blendstock. Determining the proper scope of a classification in TSUS is an issue of statutory interpretation. *See Rollerblade, Inc. v. United States,* 112 F.3d 481, 483 (Fed.Cir.1997); *Bauerhin Techs. Ltd. Partnership v. United States,* 110 F.3d 774, 776 (Fed.Cir.1997). Such a determination would, in this case, require the bankruptcy judge to engage in significant interpretation as opposed to simple application of TSUS. Accordingly, withdrawal of the reference is mandated by 28 U.S.C. § 157(d).

## CONCLUSION

For the reasons stated above, defendant's motion for withdrawal of the reference is HEREBY GRANTED. The parties are directed to appear for a pretrial conference in Courtroom 18B at 9:30 a.m. on June 27, 1997.

**SO ORDERED.**