**O'HARA CORPORATION, Plaintiff,**

v.

**F/V NORTH STAR *in rem*, and Ricky Curtis, *in Personam*, Defendants.**

**Civil No. 97–168–P–H.**

United States District Court,
D.   Maine.

July 24, 1997.

William H. Welte, Welte & Welte, P.A., Camden, ME, for Plaintiff.

Kevin C. Wells, Rockland, ME, for Defendants.

Randal E. Watkinson, Strout & Payson, Rockland, ME, for Claimant Wm. Atwood Lobster Co.

Pasquale J. Perrino, Jr., Augusta, ME, Chapter 7 Trustee.

## ORDER ON PLAINTIFF'S MOTION FOR COURT TO WITHDRAW BANKRUPTCY REFERENCE AND/OR TO LIFT AUTOMATIC STAY

HORNBY, Chief Judge.

This case explores the intersection between bankruptcy and admiralty when a debtor's bankruptcy petition has interrupted pending admiralty proceedings. Because I find no justification for either withdrawing the automatic reference to the bankruptcy court or avoiding the bankruptcy court's automatic stay, the plaintiff's motion seeking such relief is DENIED.

### I. FACTS

On May 13, 1997, O'Hara Corporation brought an *in rem* admiralty action in this Court against the F/V NORTH STAR to enforce a maritime lien for repairs and equipment it had provided to the vessel. It also sued the vessel's owner, Ricky Curtis, *in personam*. The vessel was seized by the United States Marshal on May 15, 1997, and Curtis was served personally on May 16, 1997. A few weeks later, on June 3, 1997, Curtis filed in this District a petition for bankruptcy liquidation under Chapter 7 of the Bankruptcy Code. *See In re Curtis*, No. 97–10784 (Bankr.D. Me. filed June 3, 1997).

This subsequent filing of a bankruptcy petition has called into question the Court's ability to proceed with the admiralty case. Specifically, the United States Code provides, first, for immediate reference of such a petition to the Bankruptcy Court, 28 U.S.C. § 157(a), and second, for the imposition of an automatic stay of all other proceedings pending the resolution of the bankruptcy petition, 11 U.S.C. § 362(a). The plaintiff in the admiralty action seeks to have the reference withdrawn, or alternatively to have the automatic stay lifted to allow the immediate enforcement of the maritime liens.

### II. WITHDRAWAL OF REFERENCE

Section 157(a) of 28 United States Code provides for automatic reference of all federal bankruptcy petitions to a district's United States Bankruptcy Court. Under subsection (d) of § 157:

> The district court *may* withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court *shall*, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d) (emphasis added).

■ The plaintiff seeks both mandatory and permissive withdrawal. The only basis for mandatory withdrawal is the obvious fact that admiralty is involved here as well as bankruptcy. But the plaintiff offers no indication that substantive admiralty law will actually require other than pro forma attention and the vessel owner says the plaintiff's lien is uncontested. Thus, there is no cause for mandatory withdrawal. *See Matter of Vicars Ins. Agency, Inc.*, 96 F.3d 949, 953 (7th Cir.1996) ("[T]here is little reason to assume that withdrawal is required by the mere presence of a non-title 11 issue, even if that issue is outcome determinative.").[1] Nor

---

1. The parties have not debated whether admiralty is a law "affecting interstate commerce" for purposes of § 157(d). *See American Ins. Co. v. Canter*, 26 U.S. 545–46 (1828) ("A case in admiralty does not, in fact, arise under the Constitution or laws of the United States. These cases are as old as navigation itself; and the law, admiralty and maritime, as it has existed for

is this an appropriate occasion for this Court to exercise its discretion in granting a permissive withdrawal. I agree with Chief Judge Singleton's statement in *Adams v. S/V Tenacious:*

> There are no disputed issues of fact or law which require consideration of admiralty law to resolve. The sole question is one of bankruptcy law, i.e., whether a debtor should have additional time to pay her debt. Any consideration of admiralty law would therefore be routine. Thus, there is no mandatory right to withdrawal. Nor, given the fact that this is a run-of-the-mill bankruptcy case, should the Court exercise its discretion to require a permissive withdrawal.

*Adams v. S/V Tenacious,* 203 B.R. 297, 299 (D.Alaska 1996). Accordingly, the request for withdrawal of reference is DENIED.

### III. AUTOMATIC STAY

▉▉▉ Alternatively, the plaintiff requests that I find the automatic stay provision of the Bankruptcy Code inapplicable to the portion of these proceedings brought *in rem* against the vessel and that I proceed to enforce the lien through sale of the vessel. The Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, imposes an automatic stay on all proceedings during the pendency of a related bankruptcy petition.

> [A] petition filed under [the Bankruptcy Code] ... operates as a stay, applicable to all entities, of—
>
> ....
>
> (4) any act to create, perfect, or enforce any lien against property of the estate;
>
> (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim

that arose before the commencement of the case under [the Bankruptcy Code]....

11 U.S.C. § 362(a). It is undisputed that, aside from the maritime lien, this vessel is the property of Curtis, the debtor. The stay "gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions." H. Rep. No. 595, 95th Cong., 2d Sess., *reprinted in* 1978 U.S.C.C.A.N. 5787, 5963, 6296–97; *see also* S.Rep. No. 989, 95th Cong., 2d Sess., *reprinted in* 1978 U.S.C.C.A.N. 5787, 5836.

▉▉▉ Under prior bankruptcy law, the stay was automatically effective in reorganizations filed under Chapters 11 and 13, but required an order of the court to come into effect with respect to Chapter 7 liquidations like this one. *See United States v. LeBouf Bros. Towing Co.,* 45 B.R. 887, 888–90 (E.D.La.1985) (discussing the application of the automatic stay provision under the Bankruptcy Code of 1898). That regimen was changed by the Bankruptcy Reform Act of 1978. Now stays are automatic in all types of bankruptcy filings. *See* 28 U.S.C. § 362(a); S.Rep. No. 989, 95th Cong., 2d Sess., *reprinted in* 1978 U.S.C.C.A.N. at 5836 ("All proceedings are stayed...."). Consequently some of the old caselaw has lost its persuasive force. Courts have begun to recognize that disparate treatment is contrary to the language and purpose of the stay. *See In re HTI Shipping, Inc. ,* 78 B.R. 25, 28–29 (Bkrtcy.D.N.J.1987) (stating that in passing the automatic stay provisions Congress intended to "encompass[ ] a broad range of proceedings"); *LeBouf Bros. Towing Co.,* 45 B.R. at 889–90. First, "[t]he plain language of the automatic stay provision of the Bankruptcy Code applies equally to liquidations and reorganizations." *LeBouf Bros. Towing Co.,* 45 B.R. at 890. Furthermore, "[d]istin-

---

ages, is applied by our Courts to the cases as they arise."); United States v. ZP Chandon, 889 F.2d 233, 236–37 (9th Cir.1989) (quoting *American Ins. Co.); see also* John H. Strasburger, "The ABC's of Admiralty and Bankruptcy in Concert of Conflict," 21 J. Mar. L. & Corn. 273, 284 n. 30 (1990) (interpreting *Chandon* 's reading of *American Ins. Co.* as a suggestion that Congress lacks power to "restrict a district court's enforcement of maritime liens"). Even if it is, however, there is no indication that the bankruptcy court would "undertake analysis of significant open and unre-

solved issues regarding the non-title 11 law" as required for mandatory withdrawal. *Matter of Vicars Inc. Agency, Inc.,* 96 F.3d 949, 954 (7th Cir.1996); *see also In re Ionosphere Clubs, Inc.,* 922 F.2d 984, 995 (2d Cir.1990). The mandatory withdrawal provision of § 157(d) may "not [be] utilized as an escape hatch through which most bankruptcy matters could be removed to a district court." *In re Bulk Oil (USA), Inc.,* 209 B.R. 29, 30 (S.D.N.Y.1997) (internal quotations omitted).

guishing between liquidations and reorganizations in this way ... ignores that the goal of bankruptcy law regarding liquidation is to ensure a fair distribution of the debtor's assets." *Id.* at 889–90. Therefore, I hold that the broad language of the automatic stay provision prevents this court from going ahead with the admiralty issues during the pendency of the Bankruptcy case. *See Adams,* 203 B.R. at 299 ("[T]his is a run-of-the-mill bankruptcy case.... [A] debtor[ ] asks for a breathing spell to pay [his] debts. The stay provides that breathing spell. There is nothing about this case which requires special skills or knowledge not possessed by a[ ] ... bankruptcy judge."); *LeBouf Bros. Towing Co.,* 45 B.R. at 890–91.[2]

 My decision to honor the automatic stay does not *divest* this court of jurisdiction over the admiralty claims. When the petition is filed in the bankruptcy court of the same district as the admiralty court, there is no conflict of jurisdiction since "the bankruptcy court is merely a unit of the district court," *id.* at 892, and "has no jurisdictional authority independent of this [district] court." *Id.* at 891; *see also Adams,* 203 B.R. at 300 ("The automatic stay does not ... lead to the loss of jurisdiction.... [N]othing in [§ 362(a)] prevents the Article III court from exercising its jurisdiction over the admiralty claims of this case.... Rather, the statutory scheme for bankruptcy simply contemplates staying other matters while the debtor(s) exercise their rights in the Article I (bankruptcy) court.")[3]

The plaintiff can, of course, request the Bankruptcy Court to lift the stay at an appropriate time.

#### IV. CONCLUSION

In sum, "there is no reason why the Bankruptcy Act, and Article III adjudication of

admiralty claims cannot ride in tandem." *Adams,* 203 B.R. at 301. This Court properly has jurisdiction over the vessel and the admiralty claims, but such jurisdiction is concurrent with the bankruptcy arm of this Court pursuant to a later-filed bankruptcy petition. I **DENY** the plaintiff's motion to withdraw the reference to the bankruptcy court, and conclude that these admiralty proceedings are properly stayed by the automatic stay provision of § 362(a).

**So ORDERED.**

---

2. Neither am I persuaded that the doctrine of custodia legis requires me to grant the plaintiff's motion. The District of Maine has jurisdiction over this case and this vessel, both in admiralty and in bankruptcy. The only question is which part of the case proceeds first, and under the stay it will be bankruptcy.

3. Finally. I do not agree with the parties' focus on *Kesselring v. F/T Arctic Hero,* No. A90–492, 1991 WL 692792 (D.Alaska Nov. 19, 1991). *Kes-*

*selring* involved the ability of the bankruptcy court to *decide* admiralty claims during the pendency of its bankruptcy stay. By contrast, this case, like a subsequent District of Alaska case, poses the quite different question only of whether the admiralty claims can be *stayed. See Adams,* 203 B.R. at 301 n. 1 (noting that "at first glance it may appear that [the same magistrate judge] reached a different result ... in the case of *Kesselring* " but that really the cases involve different issues).